## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **CYNTHIA R. CLEMETSON,** | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | CIVIL ACTION NO:4:14-cv-00178-RAS |
| | § | |
| **DENTON COUNTY, TEXAS,** | § | |
| | § | |
| *Defendant.* | § | *DEMAND FOR JURY TRIAL* |

### PLAINTIFF'S FIRST AMENDED COMPLAINT
### AND JURY DEMAND

TO THE HONORABLE JUDGE:

Plaintiff, **CYNTHIA R. CLEMETSON** (hereinafter referred to as "Plaintiff" ) files this Plaintiff's First Amended Complaint and Jury Demand against Defendant, **DENTON COUNTY, TEXAS** (herein after referred to as "Defendant" or "DENTON") for race discrimination, color discrimination, hostile work environment, mental abuse, retaliation, breach of contract, defamation and discrimination and harassment in violation of the Family Medical Leave Act (FMLA).  In support thereof Plaintiff states the following:

### I. COMPLIANCE WITH
### RULE 15(a)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE

1.    In compliance with Rule 15(1)(A) of the Federal Rules of Civil Procedure Plaintiff files this First Amended Complaint as a Matter of Course within twenty-one (21) days from March 28, 2014 the date of service on Defendant.

### I. PARTIES

2.    Plaintiff **CYNTHIA R. CLEMETSON** is a forty-eight (48) year old, African American, dark skin toned, female, employee with overt three (3) years of service with Denton County,

---

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND          Page 1**

Texas, who resides in Denton County, Texas.

3.      Defendant **DENTON COUNTY, TEXAS**, is a governmental entity that can be served under Rule 4(j) (2) of the Federal Rules of Civil Procedure by serving County Judge Mary Horn at 110 West Hickory Street, 2nd Floor, Denton, Texas 76201-4168.

4.      At all times relevant herein **DENTON COUNTY, TEXAS** has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## II. JURISDICTION

5.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451 (judiciary), 28 U.S.C. §1331 (federal question), 28 U.S.C. § 1337 (commerce), 28 U.S.C. §1343 (civil rights), 42 U.S.C. §2000e-5(f) (1) (unlawful employment practices), (Title VII Enforcement), 42 U.S.C. § 1981a (equal rights) and 42 U.S.C. § 1983 (civil rights).

6.      Denton County, Texas is an employer within the meaning of the above statutes because it employs fifteen or more employees for each working day in each of twenty or more calendar weeks within a calendar year.

## III. VENUE

7.      The employment practices of Denton County, Texas alleged to be unlawful were committed within the jurisdiction of the Eastern District of Texas, Sherman Division.  In addition, Denton County, Texas is located within the Eastern District of Texas, Sherman Division.  Additionally most if not all of the acts and failure to act complained of herein occurred within the Eastern District of Texas, Sherman Division.  Accordingly, venue is proper pursuant to 28 U.S.C. §1391(b) (1) & (2).

## IV. PENDANT STATE LAW CLAIMS

8.      Plaintiff invokes this Court's jurisdiction pursuant to Rule 18(a) of the Federal Rules of

Civil Procedure and 28 U.S.C. 1367 to hear and adjudicate claims arising out of the transactions set forth herein that violate rights and duties established by the laws of the State of Texas.

9.      The actions of Denton County, Texas are further actionable under the Texas Commission on Human Rights Act (TCHRA) which has been codified into Chapter 21 of the Texas Labor Code and all of the allegations contained within this complaint are incorporated into this claim by reference, as if they had been fully recited therein.

10.     Denton County, Texas has committed various torts against Plaintiff under Texas Law of which jurisdiction to adjudicate those torts rest with this court.

### V. EXHAUSTION OF ADMINISTRATION REMEDIES

11.     Prior to filing her original complaint, on March 26, 2014, Plaintiff timely filed with the United States Equal Employment Opportunity Commission ("EEOC") within the appropriate number of days, her written initial charge of discrimination asserting her race discrimination claims, against Denton County, Texas, where it is reasonably expected that during the EEOC investigation Denton County, Texas's mental abuse and hostile work environment would be revealed.  Plaintiff filed a Second EEOC charge outlining Denton County, Texas's discrimination against Plaintiff because of her race, color, hostile work environment, and retaliation for participation protective activities where it is reasonably expected that during the EEOC investigation Denton County, Texas's harassment and discrimination in violation of the FMLA would be revealed.  *Federal Exp. Corp. v. Holowecki*, 552 U.S. --- (2008), 128 S.Ct. 1147 (2008); *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 577-78 (5th Cir. 1993); *Martinez v. Potter,* 347 F.3d 1208 at 1210 (10th Cir. 2003); *Deravin v. Kerik,* 335 F.3d 195, 200-01 (2d Cir. 2003).

12.     Shortly after Plaintiff filed her initial charge of discrimination against Denton County, Texas, with the United States Equal Employment Opportunity Commission ("EEOC"), Denton County, its supervisors, managers and others, increased their retaliation against Plaintiff.

13.     In conformance with the law, Plaintiff has filed this action subsequent to the expiration of ninety (90) days from the date of receiving her right to sue letter from the EEOC and within two (2) years after Defendant willfully violated Plaintiff's rights.   Plaintiff received two (2) rights to sue letters from the EEOC; the first dated December 27, 2013 and the second March 25, 2014.   Plaintiff has exhausted all administrative remedies; therefore all conditions precedent to the Plaintiff maintaining this civil action have accrued, occurred, or been waived.   *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005).

## VI. CONDITIONS PRECEDENT

14.     All conditions precedent; to Plaintiff bringing her claims against Denton County, Texas for race discrimination, color discrimination, hostile work environment and retaliation have either been performed, have occurred or have been waived.

15.     All conditions precedent; to Plaintiff bringing her claims against Denton County, Texas for mental abuse, defamation, breach of contract and violations of the FMLA have either been performed, have occurred or have been waived.

16.     All conditions precedent; to Plaintiff bringing this lawsuit have either been performed, have occurred or have been waived.

## VII. PROTECTED CLASS MEMBERSHIP

17.     This lawsuit is brought under 42 U.S.C. §2000 et. seq. (Title VII) and its counterpart 42 U.S.C. §1981 and 29 U.S.C. §623(a).   Title VII and §1981 prohibit employers from discriminating "against any individual with respect to their compensation, terms, conditions,

or privileges of employment because of such individual's race, color, religion, sex or national origin.  *See:* 42 U.S.C. §2000e-2(a).  Title 29 U.S.C. §623(a) states it shall be unlawful for an employer "to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age…"

18.     Plaintiff identifies that she is a member of the following protected classes:

    a)     race-(African American); and

    b)     color-(dark skin tone); and

    c)     sex-(female); and

    d)     Filed complaint with EEOC concerning unlawful employment conditions; and

    e)     retaliation prohibited; and

    f)     other applicable laws.

19.     Plaintiff identifies that she is a member of one or more of the protected classes identified in paragraphs 17-18 above as defined within the Texas Commission on Human Rights Act (TCHRA) which has been codified into Chapter 21 of the Texas Labor Code and other Texas Statutes.

## VIII. PRIOR "BAD ACTS" BY DENTON COUNTY, TEXAS

*Clemetson Request the Court Take Judicial Notice of the Prior "Bad Acts"*
*Of Discrimination by Denton County, Texas*

20.     On or about December 1, 2009, Nadiya Williams-Boldware filed a discrimination lawsuit in the United States District Court for the Eastern District of Texas, Sherman Division, styled Nadiya Williams-Boldware, Plaintiff v. Denton County, Texas, Denton County Criminal District Attorney, Cary Piel, Susan Piel and Ryan Calvert, Defendants, assigned cause number 4:09-cv-00591, which led to a jury verdict for the Plaintiff.  This case

is on appeal.

21.     On or about January 20, 2013, Taylor White filed a FLSA violation lawsuit (a form of discrimination when individuals are not compensated properly) in the United States District Court for the Eastern District of Texas, Sherman Division, styled Taylor White, Plaintiff v. Denton County and Denton County Sheriff's Department, Defendants, assigned case number 4:13-cv-00013. The case remains pending before the court.

22.     On or about September 16, 2013, Richard Tackett, filed a discrimination lawsuit in the United States District Court for the Eastern District of Texas, Sherman Division, styled Richard Tackett, Plaintiff v. Denton County, Texas, assigned case number 4:13-cv-00533.

23.     On January 17, 2014, The Denton Record Chronicle reported that Denton County, Texas agreed to pay $125,000.00 to Richard Tackett as settlement of the lawsuit. Settlement documents to be presented to the court by February 28, 2014.

## THE UNDERLYING EMPLOYMENT DISCRIMINATION SCHEME OF DENTON COUNTY, TEXAS

24.     In 2011, after settling into my position at Denton County, Texas I noticed **Denton County Human Resources Director, *AMY PHILLIPS***, making comments about African American, dark skin toned, individuals that were derogatory in nature.

25.     Amy Phillips has publicly commented that "black people have a certain dialect, I can always tell when someone is black over the phone," "is on the phone, they talk so different."

26.     Ms. Phillips started a conversation with me about an African American, dark skinned, male, by saying: "Do you know?" and then went on to say "He is lazy, dumb, incompetent and should have been fired long before he was."

27.     Ms. Phillips to this day starts a conversation with "Do you know?" then goes on to make disparaging remarks concerning dark skin toned, African Americans.

28.    Time after time, Ms. Phillips would comment negatively comment on dark skin toned, African Americans, although I told her on more than one occasion I did not feel comfortable and ask that she stop; at which time she reminded me she was the Human Resource Department Director.

29.    Amy Phillips has trained, advised, guided, counseled and directed other non-dark skin toned employees who were non-African Americans, so they would develop a similar mindset to that of Ms. Phillips.

30.    Michelle French issued an unsubstantiated complaint letter dated March 14, 2014 to Amy Phillips, Director of the Human Resources Department about concerning the Plaintiff. Amy Phillips and Michelle French are long-time associates.

31.    Amy Phillips, Michelle  French, Denton County managers, supervisors and others, continue to employ  *"dog whistle"* politics and coded language that appears to mean one thing to the general population but has an additional, sinister , discriminatory  and different or more specific resonance for a targeted subgroup most often African Americans, like Plaintiff and other tactics like those used with the *"Jim Crow"* laws that specifically were intended to relegate African Americans to the status of second class citizens, were successful in preventing dark skin toned, African Americans applicants from being truly considered and dark skin toned, African American employees from receiving appropriate pay and from being promoted.

32.    Notably, racism runs wild within the ranks of the Denton County management and supervisors.

33.    As a result of the discriminatory actions of Ms. Phillips, Ms. French, Denton County managers, supervisors and others, both directly and indirectly prevented dark skin toned,

African Americans from fully enjoying the fruitful career they could have experienced within Denton County, Texas .

34.     Because of the discriminatory actions of Ms. Phillips, Ms. French, Denton County managers, supervisors and others, Plaintiff suffered excruciating physical pain.

35.     Additionally, as a result of the discriminatory actions of Ms. Phillips, Ms. French, Denton County managers, supervisors and others, using their emotional **"dog whistle,"** **"Jim Crow,"** and *other sinister mental abuse tactics* Plaintiff suffered severe mental anguish.

36.     Because of the discriminatory actions of Ms. Phillips, Ms. French, Denton County managers, supervisors and others, forced Plaintiff to suffer personal financial losses.

37.     Interestingly during all times material herein Plaintiff NEVER received a failed performance rating.

38.     Plaintiff took the proactive actions to self-improve, when Plaintiff voluntarily undertook studies in human resources to obtain her certification as a PHR through SHRM, however due to the ongoing discriminatory treatment and stress from Denton County, Plaintiff has taken a break from these studies.

39.     In furtherance of this scheme Denton County under the guise of reorganization terminated African American, employees and replaced those individuals with individuals who were not African American and who were younger and less experienced and in many cases family members or related in some way.

40.     Denton County discriminates against African American individuals based on race.

41.     Denton County discriminates against African American individuals based on color.

42.     Denton County does not practice diversity among its employees.

## VICARIOUS LIABILITY
## RESPONDEAT SUPERIOR - RATIFICATION
## IN THE WORKPLACE AT
## DENTON COUNTY, TEXAS

43.     The acts of Amy Phillips, Michelle French, others and Defendant including but not limited to Plaintiff's managers, supervisors and co-workers were performed while in the employment of Defendant and were within the course and scope of that employment or within the authority delegated to the employee.

44.     Therefore the conduct of Amy Phillips and , others and Defendant including but not limited to Plaintiff's managers, supervisors and co-workers toward Plaintiff as outlined herein was performed while in the employment of Defendant.

45.     Further the conduct of Amy Phillips and others and Defendant including but not limited to Plaintiff's managers, supervisors and co-workers toward Plaintiff as outlined herein was approved by Defendant as Defendant took no steps to change, alter, stop or modify said conduct.

46.     At the time of the conduct of Amy Phillips, Michelle French, others and Defendant including but not limited to Plaintiff's managers, supervisors and co-workers were acting on Defendant's behalf.

47.     After the events complained of, Defendant was fully aware of the actions of its managers and supervisors  and Defendant including but not limited to Plaintiff's managers, supervisors and co-workers and approved them by Defendant's acts or failure to act.

48.     Defendant approved of the conduct of Amy Phillips, Michelle French and others, including but not limited to Plaintiff's managers, supervisors' and co-workers acts with intent to validate them.

49.     Therefore Defendant is liable for the acts of Defendants' employees, Defendant and others, including but not limited to Plaintiff's managers, supervisors' and co-workers as outlined herein.

## IX. STATEMENT OF FACTS

50.     DENTON COUNTY is an employer with over 501 employees in 2014.

51.     DENTON COUNTY hired Plaintiff to fill the position of Administrative Specialist II on or about March 9, 2011.

52.     On or about May 16, 2011, Plaintiff was promoted to the position of Human Resource Generalist.

53.     Plaintiff remains in the position of Human Resource Generalist.

54.     Plaintiff has worked for DENTON COUNTY for over three (3) years at the time of her filing this lawsuit.

55.     The DENTON COUNTY is headquarters is located at: 110 West Hickory Street, Denton, Texas 76201.

56.     Plaintiff is employed by DENTON COUNTY at the local office located at: 401 West Hickory Street, Denton, Texas 76201.

57.     DENTON COUNTY is a covered employer as defined by Title VII of the Civil Rights Act of 1991.

58.     Race discrimination is prevalent within DENTON COUNTY.

59.     Employees of all other races employees continually receive better treatment than African American employees within DENTON COUNTY.

60.     The majority of the high level management within DENTON COUNTY; are non-African Americans.

61.     DENTON COUNTY does not employ any African American directors out of its

approximate 1,700 employees.

62.    DENTON COUNTY does not employ more two (2) African Americans in management out of its approximate 1,700 employees.

63.    The high level managers within DENTON COUNTY are primarily non-African Americans whom "on a day-to-day basis" run DENTON COUNTY as if it were a "good-ole-boy" group, regardless of potential harm or consequences to others.

*In Plaintiffs' Own Words – "The Last Event"*

64.    Plaintiff has outlined her events in Plaintiffs' Own Words which document is attached as Exhibit "A" hereto and made a part hereof as if fully stated herein for all intents and purposes.

## X. DAMAGES

65.    As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, Plaintiff has suffered losses including, but not limited to, front pay, costs of court, legal expenses, expert fees, mediation fees and attorney fees, mental anguish, humiliation and emotional distress in the past and future, prejudgment and post judgment interest, benefits, special damages, expenses, punitive/liquidated damages, and punitive damages, all to be specified at trial and any injunctive relief deemed appropriate and available under the statutes which Plaintiff brings this action.

66.    Based on information and belief, Defendant is an employer of approximately 1,700 employees in 2014.  *See:  Vance v. Union Planters Corp.*, 209 F.3d 438 (5th Cir. 2000).

## XI. CAUSES OF ACTION

### COUNT ONE – RACE & COLOR DISCRIMINATION
### IN THE WORKPLACE AT
### DENTON COUNTY, TEXAS

67.    Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 200 as if fully stated herein.

*Background*

68.    The discriminatory and retaliatory conduct of Defendant caused Plaintiff to suffer race discrimination and color discrimination; thereby violating the rights of Plaintiff protected by Title VII and Chapter 21 of the Texas Labor Code and other similar state statutes.

69.    Plaintiff, **Cynthia R. Clemetson**, is an African American, dark skin toned, female, over 40 years old, with more than three (3) years of service with DENTON COUNTY.

70.    DENTON COUNTY, Human Resources Director, **Amy Phillips**, is a Caucasian; light skin toned, female.

71.    DENTON COUNTY, Tax Assessor-Collector, **Michelle French**, is a Caucasian; light skin toned, female.

72.    DENTON COUNTY caused more tension and harassment was when DENTON COUNTY has Plaintiff under the supervision of **Amy Phillips**, one of the primary individuals causing the race and color discrimination thereby contributing to the hostile work environment.

73.    Conscious discrimination started with the DENTON COUNTY Human Resources Department traveling down the line through each of DENTON COUNTY's Departments to Plaintiff and other front line employees when they actively sought to compromise the integrity of investigations of discrimination involving African American employees.

74.     Like conscious discrimination, its counterpart unconscious discrimination also starts with the DENTON COUNTY Human Resources Department traveling down line through each of DENTON COUNTY's Departments to Plaintiff and other front line employees.

**Disparate Treatment and Disparate Impact Discrimination**

75.     Plaintiffs' Complaint speaks not only to Defendants' unlawful conduct but outlines the disparate treatment and disparate impact discrimination endured by Plaintiff.

76.     Title VII makes it unlawful to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Title VII's prohibition includes "not only overt discrimination [commonly referred to as disparate-treatment discrimination] but also practices that are fair in form, but discriminatory in operation [commonly referred to as disparate-impact discrimination]." *Griggs v. Duke Power Co.,* 401 U.S. 424, 431, 28 L. Ed. 2d 158, 91 S. Ct. 849 (1971).

77.     Under the "disparate-treatment" scenario of employment discrimination which is "the most easily understood [form] of discrimination," a Plaintiff must demonstrate that the "employer ... treats some people less favorably than others because of their race, color, religion, sex, or national origin." *International Bhd. of Teamsters v. United States,* 431 U.S. 324, 335 n.15, 97 S. Ct. 1843, 1854 n.15, 52 L. Ed. 2d 396 (1977). Proof of discriminatory intent, in disparate-treatment cases, "is critical, although it can in some situations be inferred from the fact of differences in treatment." *Id.*

78.     Claims predicated on the "disparate impact" theory, by contrast, "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Id.* A Plaintiff advancing a claim of discrimination under the disparate-impact theory of liability

need not prove discriminatory intent. *See id.*

79.    Title VII prohibits employment discrimination on the basis of religion race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). Absent direct evidence of discrimination, a Plaintiff must first demonstrate a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green* , 411 U.S. 792, 802, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973); *Chalmers v. Tulon Co. of Richmond,* 101 F.3d 1012, 1017 (4th Cir. 1996), cert. denied, 139 L. Ed. 2d 21, 118 S. Ct. 58 (1997). Once a party has made a prima facie case, the employer must provide a legitimate nondiscriminatory justification for its action. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253, 67 L. Ed. 2d 207, 101 S. Ct. 1089 (1981); *Chalmers,* 101 F.3d at 1017-18. If the employer advances such a justification, the Plaintiff then must prove that this justification is a mere pretext for an actual discriminatory motive. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 507-08, 125 L. Ed. 2d 407, 113 S. Ct. 2742 (1993); *Chalmers,* 101 F.3d at 118.

### *Race Color Discrimination*

80.    Plaintiff will establish her prima facia case of race discrimination under Title VII below by showing (1) [that] she belongs to a protected group, i.e. African American, female and over forty (40) years of age; (2) that she was qualified for her position, i.e. Plaintiff was qualified working for more than (3) years with the DENTON COUNTY; and (3) that she suffered adverse employment action.

81.    At all times material herein Defendant did not apply and enforce its policies equally on Plaintiff and other employees.

82.    Through discovery Plaintiff will substantiate examples of discriminatory conduct of Defendant.

83.    The disparaging treatment continues unabated during the term of Plaintiff's

employment.

84.     Defendants unilateral actions constitute unlawful discrimination under federal and state law.  Specifically Plaintiff's race (African American) and color (dark skin tone) was a motivating factor in Defendants and others acts, malfeasance and omissions complained of herein.

85.     Even before Plaintiff filed this lawsuit, DENTON COUNTY knew of the existing hostile work environment and had knowledge of the retaliatory actions suffered by Plaintiff but took no action to stop same.

86.     Other African American dark skin toned employees similarly situated to Plaintiff have also been subjected to a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, as amended.

87.     The unlawful employment practices complained of herein were intentional.

88.     The unlawful employment practices complained of herein were done with malice or reckless indifference to both the state and federally protected rights of Plaintiff.

89.     As a result of Defendants intentional discriminatory conduct, Plaintiff has suffered pecuniary losses.

90.     As a result of Defendants discriminatory conduct, Plaintiff has suffered non-pecuniary losses, including but not limited to, emotion pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.  Because of these losses Plaintiff seeks compensatory damages.

91.     Defendants actions were done with malice and/or reckless indifference to Plaintiffs' protected rights.  Plaintiff is therefore entitled to punitive damages.

92.     Plaintiff also seeks reasonable attorneys' fees, court costs, including reasonable expert fees.

## COUNT TWO - HOSTILE WORK ENVIRONMENT
## IN THE WORKPLACE AT
## DENTON COUNTY, TEXAS

93.    Plaintiff realleges and incorporates the allegations contained in Paragraph 1 through 200 as if fully stated herein.

94.    The discriminatory and harassing conduct of Defendant caused Plaintiff to be subjected to a hostile work environment; thereby violating the rights of Plaintiff protected by Title VII, the Family Medical Leave Act (FMLA), Chapter 21 of the Texas Labor Code and other similar state statutes.

95.    Plaintiff will establish her prima facia case of hostile work environment under Title VII of the Civil Rights Act of 1964, as amended, below by showing (1) [that] she belongs to a protected group, i.e. African American, dark skin toned, female, over forty (40) years of age and who reported her employers conduct to management and EEOC; (2) that she was subjected to unwelcome harassment, i.e. examples cited herein; (3) the harassment was based on a protected characteristic, i.e. African American, dark skin toned, female, over forty (40) years of age and who reported her employers conduct to management and EEOC; (4) the harassment affected a term or condition of employment, i.e. Plaintiff received negative oral & written counseling, unwelcome remarks, rumors & innuendos; (5) the employer knew or should have known about the harassment and failed to take prompt, remedial action. *Flowers v. Southern Regional Physician Services, Inc.*, 247 F.3d 229, 235-36 (5th Cir. 2001).

96.    Plaintiff's workplace is so permeated with discriminatory intimidation, ridicule, insults, rumors and innuendos that it so sufficiently severe or pervasive to alter the conditions of Plaintiff's employment, thereby creating an abusive working environment in violation of Title VII of the Civil Rights Act of 1964, as amended.  For example, and as set forth in Exhibit A,

Amy Phillips intentionally sought to ensure that an employee "Michelle B.", a non-African American who had never investigated a case, had a prior lengthy conversation with the non-white accuser, Ms. Knox, be assigned to the investigation after their meeting.  The accuser, "Adam T." had no idea that Ms. Knox had already been given the opportunity to speak at great length to the Investigator prior to the investigation and, therefore, did not know that his complaint, as a result, had already been compromised.   In addition, Amy clearly discriminated against and demeaned the African-American accuser directly to me, as she has in the case of many African-Americans, demeaned the accuser in a public way to other investigators assigned to the case and, in addition, directly harassed me about the accuser's character, intentions, motivations, work history, physical appearance, education, reason for employment and even his sexual orientation.   Amy then proceeded to assign two white investigators and coaxed one of them, "Michele B.", on exactly what to ask the African American, dark-skinned accuser, using intimidating interrogation techniques in an effort to elicit his answers so as to result in non-favorable responses.  This method of interrogation was used against Plaintiff on several occasions in the past and has been a technique employed by Ms. Phillips against African-Americans with the objective of frightening African-Americans during investigations in order to formulate answers unfavorable to them and to form the basis for non-meritorious conclusions leading to the dismissal of complaints filed by African American employees.  In addition, Amy actively sought to paint a demeaning picture of African Americans and dark-skinned employees In addition, Amy actively sought to paint African American, dark-skinned employees as liars, troublemakers, bad employees and she has assigned numerous other negative labels against African Americans, before any facts of their cases are revealed.  Amy discriminated against African Americans by actively seeking ways to find African American, dark-skinned employees guilty of anything she can find, as if

they are the ones in violation of policy, instead of evaluating them in a fair and objective manner.  As a result of such actions, African American employees of Denton County have no chance of fair and objective investigations of their complains like white employees enjoy, as long as Amy Phillips is overseeing investigations of African American employees in her role as Human Resources Director.

97.    Defendant knowingly allowed the ridicule, insults, rumors and innuendoes concerning Plaintiff, especially about her being an African American, dark skin toned, female, over forty (40) years of age and about her reputation to continue unabated which contributed to the hostile work environment.

98.    Defendant took NO steps to reduce or eliminate the hostile work environment, especially when Plaintiff requested the ridicule, insults, rumor and innuendos to stop; however Defendant refused to honor said request.

99.    As a result of Defendants failure to honor Plaintiff's request, the ridicule, insults, rumors and innuendos increased at the workplace, to the point where Plaintiff was overwhelmed and exhausted thereby aggravating Plaintiff's medical condition.

100.    Defendant again increased the pressure working within the hostile work environment when DENTON COUNTY decided they were going to get rid of the more African American employees by any means available, when all harassment attempts failed, they created the artifice of "department reorganization" to achieve their unlawful goal under what at first blush appears to be a lawful means.

101.    Defendant again increased the pressure working within the hostile work environment when DENTON COUNTY deprived other African American co-workers of the opportunity to apply and be considered without prejudice for the open positions and then filled the position with Caucasian and other non-African American, non-dark skinned individuals who often

where either family, friends or relatives and who were younger than the other African American co-workers and who had less experience and education than the other African American co-workers.

102.   Plaintiff is repeatedly discriminated against each time DENTON COUNTY provided better treatment to the other employees other than it provided Plaintiff.  Said treatment of Plaintiff was predicated upon Plaintiff being an African American, dark skin toned, female, over forty (40) years of age with more than three (3) years of service with DENTON COUNTY.  Such conduct in and of itself created daily tension and hostility within the workplace contributing to a hostile work environment.

103.   DENTON COUNTY managers and supervisors routinely gave orders that are in direct opposition with the written policies and standard operating procedures of the Defendant so they may treat other employees differently than Plaintiff.

104.   Although DENTON COUNTY knew of the hostile work environment, Defendant took NO remedial action to stop the hostile work activities and prevent those types of unlawful activities from occurring in the future.

105.   In fact not only did DENTON COUNTY not take any remedial action to stop the hostile work environment, DENTON COUNTY managers and supervisors themselves contributed to the hostile work environment.

106.   DENTON COUNTY managers and supervisors and others, willingly, knowingly and intentionally allowed the hostile work environment to exist.

## MENTAL ABUSE BY DENTON COUNTY, TEXAS
## MANAGEMENT, SUPERVISORS & OTHERS

107.   DENTON COUNTY's Management, Supervisors & Others including but not limited to Defendant and other managers and supervisors of Plaintiff and others willingly, knowingly

and intentionally, by their acts or failure to act subjected Plaintiff to mental abuse.

108. Plaintiff was subjected to direct mental abuse from DENTON COUNTY's Management, Supervisors & Others including but not limited to **Amy Phillips,** and other managers and supervisors of Plaintiff and others, each and every time, day-after-day, when they used their emotional **"dog whistle," "Jim Crow,"** and *other sinister mental abuse tactics* on Plaintiff.

109. Plaintiff was subjected to direct mental abuse, bullying and intimidation from DENTON COUNTY's Management, Supervisors & Others including but not limited to **Amy Phillips** and other managers and supervisors of Plaintiff and others, when they continually ridiculed Plaintiff, made condescending remarks about Plaintiff and was simply mean spirited in their speech and actions toward Plaintiff.

110. Plaintiff was subjected to direct mental abuse from DENTON COUNTY's Management, Supervisors & Others including but not limited to **Amy Phillips, Michelle French** and other managers and supervisors of Plaintiff and others.

111. Plaintiff was subjected to direct mental abuse from DENTON COUNTY's Management, Supervisors & Others including but not limited to Amy Phillips **and** other managers and supervisors of Plaintiff and others, when they repeatedly tried to force Plaintiff to resign her position.

112. Plaintiff was subjected to direct mental abuse from DENTON COUNTY's Management, Supervisors & Others including but not limited to Amy Phillips and other managers and supervisors of Plaintiff and others, when they daily continually question and scrutinize Plaintiff's actions.

113. Plaintiff was subjected to direct mental abuse from DENTON COUNTY's Management, Supervisors & Others including but not limited to Amy Phillips and other

managers and supervisors of Plaintiff and others, each and every time they treated others differently than Plaintiff.

114. Plaintiff was subjected to direct mental abuse from DENTON COUNTY's Management, Supervisors & Others including but not limited to Amy Phillips and other managers and supervisors of Plaintiff and others, when they caused Plaintiff to endure adverse employment actions.

115. Although Defendant, Management, Supervisors and others knew about their conduct they took no steps to stop such conduct from continuing.

116. Defendant knew about of the hostile work environment, harassment and discriminatory conduct.

117. By Defendants failure and refusal to stop the mental abuse, discrimination, hostile work environment, harassment and discriminatory conduct caused Plaintiff to suffer severe emotional distress which exacerbated Plaintiff other medical conditions.

118. Defendant knew that continuing to allow the mental abuse, discrimination, hostile work environment, harassment and discriminatory conduct to continue created a high degree of risk of harm to Plaintiff and others; however Defendant deliberately proceeded to act in conscious disregard of with indifference to that rise.

119. Defendant has intimate knowledge of other employees of Defendant who had nervous breakdowns and other emotion distress issues so severe they were hospitalized and in some cases never returned to Defendants employ.  Despite this special knowledge Defendant continues to fail and refuse to stop the mental abuse, discrimination, hostile work environment, harassment and discriminatory conduct.

120. Defendant has intimate knowledge of other employees of Defendant who had been administered medications for depression, stress, anxiety and other emotional conditions so

they can function day-to-day. Despite this special knowledge Defendant continues to fail and refuse to stop the mental abuse, discrimination, hostile work environment, harassment and discriminatory conduct.

121. Plaintiffs severe emotional distress includes painful emotional reactions, such as embarrassment, fright, horror, grief, shame, humiliation, uncontrollable crying episodes, difficulty sleeping, emotional outbursts, immune disorders, stomach disorders, headaches, depression and worry.

122. Defendant, management, supervisors and others extreme and outrageous conduct was intensified with their day-to-day harassing conduct aimed at Plaintiff, which proximately caused severe emotional distress to Plaintiff.

123. Defendant, management, supervisors and others believes they are above having to comply with the law. This belief combined with the acts or failure to act by Defendant, management, supervisors and others to stop the harassment and hostile work environment creates confusion within the Defendants working environment thereby directly contributing to the day-to-day hostile work environment.

124. Defendant, management, supervisors and others do not apply the written policies equally among all of Defendants employees. Conduct discriminatory in nature against Plaintiff thereby contributing to the disparate treatment of Plaintiff. Said treatment toward Plaintiff was predicated upon Plaintiff being a member of the Protected Classes as outlined above. This type act contributes to the day-to-day hostile work environment.

125. But for Plaintiff being a member of the Protected Classes as outlined above Plaintiff would not have suffered disparate treatment.

126. Plaintiff has several examples of disparate treatment and disparate impact treatment toward Plaintiff and therefore reserves the right to raise those examples as discovery

progresses.

127.   Defendant failed to take any action, failed to take remedial action, failed to discipline its employees, failed to separate the employees, and/or failed to take corrective action all the while encouraging a hostile work environment.

128.   DENTON COUNTY managers and supervisors and others, by their acts or failure to act herein supported the ongoing hostile work environment.

129.   All of the events outlined here in totality establishes a hostile work environment exist at **DENTON COUNTY, TEXAS**.

130.   The unlawful employment practices complained of herein were done with malice or reckless indifference to the protected rights of Plaintiff and other African-American employees.

131.   As a result of Defendants' discriminatory conduct, Plaintiff has suffered and will continue to suffer pecuniary losses.

132.   As a result of Defendants' discriminatory conduct, Plaintiff has suffered non-pecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, which non-pecuniary losses only exacerbated Plaintiff medical condition.  Because of these losses Plaintiff seeks compensatory damages.

133.   Defendants' actions were done with malice and/or with reckless indifference to Plaintiff's protected rights.  Plaintiff is therefore entitled to punitive damages.

134.   Plaintiff also seeks reasonable attorneys' fees, court costs and including reasonable expert fees.

### COUNT THREE – RETALIATION
### IN THE WORKPLACE AT
### DENTON COUNTY, TEXAS

135.  Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 200 as if fully stated herein.

136.  The discriminatory and harassing conduct of DENTON COUNTY and others, caused Plaintiff to be subjected to retaliation; thereby violating the rights of Plaintiff protected by Title VII, Chapter 21 of the Texas Labor Code and other similar state statutes.

137.  Throughout the course of employment with Defendant, Plaintiff time and again suffered unproductive disparaging remarks.

138.  The disparaging remarks continue unabated throughout Plaintiff's employment.

139.  DENTON COUNTY managers, supervisors, co-workers and others retaliation against Plaintiff during 2011 through the present including, but not limited to:

1)  Defendant and others uttering unproductive disparaging remarks to Plaintiff; and

2)  Defendant, management, supervisors and others undermining Plaintiff; and

3)  Defendant, management, supervisors and others creating events at the workplace to cause more stress and aggravation for Plaintiff; and

4)  Defendant, management, supervisors and others blatantly discriminating against Plaintiff;

5)  Defendant, management, supervisors and others depriving Plaintiff from her Federally protected rights;

6)  Defendants, management, supervisors and others depriving Plaintiff from her Rights protected by the State of Texas;

7)     Defendant, management, supervisors and others using the "good ole boy" system within the DENTON COUNTY; and

8)     Defendant, management, supervisor and others using a systematic scheme to provide better employment opportunities and benefits to non-African American individuals, family, relatives and friends; and

9)     Defendant, management, supervisors and others applying pressure to Plaintiff in an attempt to get Plaintiff to resign; and

10)     Defendant, management, supervisors and others creating adverse employment actions against Plaintiff.

140.   Most if not all of the acts complained of within this entire Complaint were retaliatory in nature and directed toward Plaintiff.

141.   One of the most egregious acts of retaliation and adverse employment action occurred when Amy Philips, DENTON COUNTY and others, under the guise of a lawful reason, caused unwarranted written discipline of Plaintiff and said writings be entered into Plaintiffs personnel file.

142.   It is unlawful to retaliate against an individual for opposing discriminatory employment practices or for filing a discrimination charge, testifying, or participating in any way in an investigation, proceeding, or litigation under Title VII of the Civil Rights Act of 1964, the Family Medical Leave Act (FMLA), the Texas Labor Code and other similar statutes.

143.   Defendants further violated Plaintiff's civil rights by taking adverse actions against her in response to her complaints about the unlawful and discriminatory working conditions.

144.   During the course of Plaintiff's employment, Defendants, acting through its management, supervisors, agents and vice principals, in a continuous course of conduct, discriminated against Plaintiff in the terms, conditions and privileges of her employment due

to her age, race, color, sex, national origin and due to retaliation for having participated in an EEOC proceeding and/or for having opposed conduct which she had a good faith belief was unlawful and/or discriminatory on the basis of age, race, color, sex, national origin and retaliation including in that:

> Defendants, through their agents, supervisors and/or employees, in a continuing course of conduct, subjected Plaintiff to retaliation and discrimination in the terms, conditions, and privileges of her employment in retaliation for her filing a charge of discrimination with the EEOC and/or participating in a proceeding with that agency against her former employer and/or because she opposed discrimination and retaliation at Defendants place of employment.  Plaintiff also asserts that the Defendant has engaged in race, color and sex discrimination by their acts, in the violation of the law.

145.    The unlawful employment practices complained of herein were intentional.

146.    The unlawful employment practices complained of herein were done with malice or reckless indifference to the federally protected rights of Plaintiff and other African American; dark skin toned, females, over forty (40) years old.

147.    As a result of the discriminatory conduct by Defendant, Plaintiff has suffered and will continue to suffer pecuniary losses associated with her employment.

148.    As a result of DENTON COUNTY and others, discriminatory conduct, Plaintiff has suffered non-pecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Because of these losses Plaintiff seeks compensatory damages.

149.    DENTON COUNTY and others, actions were done with malice and/or with reckless indifference to Plaintiff's protected rights.  Plaintiff is therefore entitled to punitive damages.

150.    Plaintiff also seeks reasonable attorneys' fees, court costs and including reasonable expert fees.

## COUNT FOUR – BREACH OF CONTRACT
## IN THE WORKPLACE AT
## DENTON COUNTY, TEXAS

151.    Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 200 as if fully stated herein.

152.    Plaintiff's position was held under both express and implied promises of job security and in accordance with the **DENTON COUNTY** employee handbook, all of which constituted a contract of employment.

153.    **DENTON COUNTY'S** actions in not maintaining a Safe Workplace and subjecting Plaintiff to the continuous harassment, discrimination, accostments and threats by DENTON COUNTY and others contstitute a willful breach of her contract with **DENTON COUNTY**.

154.    **DENTON COUNTY'S** actions intentionally subjected Plaintiff to bogus discipline by allowing the bogus disciplinary write ups to be placed in Plaintiff's personnel file, which thereby constituted  a willful breach of her contract with Denton County.

155.    As a result of **DENTON COUNTY'S** actions, Plaintiff has suffered irreparable injuries, including but not limited to  economic losses, emotional pain and suffering, mental anguish, humiliation, embarrssement, personal indignity and other intangible injuries for all of which she should be compensated.

156.    As a result of Defendants' discriminatory conduct, Plaintiff has suffered non-pecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, which non-pecuniary losses only exacerbated Plaintiff medical condition.  Because of these losses Plaintiff seeks compensatory damages.

157.    Defendants' actions were done with malice and/or with reckless indifference to Plaintiff's protected rights.  Plaintiff is therefore entitled to punitive damages.

158.   Plaintiff also seeks reasonable attorneys' fees pursuant to Texas Practice and Remedies Code §38.001 contract and court costs and including reasonable expert fees.

## COUNT FIVE – DEFAMATION
## IN THE WORKPLACE AT
## <u>DENTON COUNTY, TEXAS</u>

159.   Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 200 as if fully stated herein.

160.   Plaintiff was subjected to defamation from DENTON COUNTY's Management, Supervisors & Others including but not limited to *Amy Phillips, Michelle French* and other managers and supervisors of Plaintiff and others, published statements by oral and written communication asserting statements as true that were not true.

161.   Plaintiff was subjected to defamation from DENTON COUNTY's Management, Supervisors & Others including but not limited to *Amy Phillips, Michelle French* and other managers and supervisors of Plaintiff and others, published statements by oral and written communication asserting as fact that Plaintiff had negative performance which statements were not true.

162.   Plaintiff was subjected to defamation from DENTON COUNTY's Management, Supervisors & Others including but not limited to *Amy Phillips, Michelle French* and other managers and supervisors of Plaintiff and others, published statements by oral and written communication asserting as fact that Plaintiff negatively performed her duties which statements were not true.

163.   Plaintiff was subjected to defamation from DENTON COUNTY's Management, Supervisors & Others including but not limited to *Amy Phillips, Michelle French* and other managers and supervisors of Plaintiff and others, published statements by oral and written communication asserting as fact that Plaintiff was not a team player which statements were

not true, as Plaintiff is a team play but does not condone discrimination, harassment and racism.

164.   Plaintiff was subjected to defamation from DENTON COUNTY's Management, Supervisors & Others including but not limited to **Amy Phillips, Michelle French** and other managers and supervisors of Plaintiff and others, statements involving a private issue. The allegations about Plaintiff are private issues which should not have been made public prior to the completion of a thorough investigation.

165.   DENTON COUNTY's Management, Supervisors & Others including but not limited to **Amy Phillips, Michelle French** and other managers and supervisors of Plaintiff and others, statements were defamatory per se under the common law.

166.   DENTON COUNTY's Management, Supervisors & Others including but not limited to **Amy Phillips, Michelle French** and other managers and supervisors of Plaintiff and others, are strictly liable to Plaintiff for the defamation.

167.   DENTON COUNTY's Management, Supervisors & Others including but not limited to **Amy Phillips, Michelle French** and other managers and supervisors of Plaintiff and others without evidence, maliciously created their statements, then proceeded to publish said false statements with the specific intent to a) cause Plaintiff to be embarrassed, ridiculed and harassed, b) cause Plaintiff to be subject to persecution; c) cause Plaintiff's reputation to be tarnished and d) cause Plaintiff to suffer damages.

168.   DENTON COUNTY's Management, Supervisors & Others including but not limited to **Amy Phillips, Michelle French** and other managers and supervisors of Plaintiff and others, false statements caused injury to Plaintiff, which resulted in damages to Plaintiff. These damages shall all to be specified at trial and any injunctive relief deemed appropriate and available under the law which Plaintiff brings this action.

169.   DENTON COUNTY's Management, Supervisors & Others including but not limited to *Amy Phillips, Michelle French* and other managers and supervisors of Plaintiff and others, false statements were defamatory per se, which entitles Plaintiff to a presumption of general damages.

170.   DENTON COUNTY's Management, Supervisors & Others including but not limited to *Amy Phillips, Michelle French* and other managers and supervisors of Plaintiff and others, false statements resulted in the following special damages to Plaintiff: a) loss of earning capacity; b) loss of past and future income; c) loss of employment opportunities; d) invasion of privacy through publication; and e) loss of employment benefits and e) emotional distress.

171.   The unlawful defamatory conduct complained of herein was done with malice or reckless indifference to the protected rights of Plaintiff and other African American employees.

172.   As a result of Defendants' defamatory conduct, Plaintiff has suffered and will continue to suffer pecuniary losses, including but not limited to, lost wages and other benefits associated with her employment.

173.   As a result of Defendants' defamatory conduct, Plaintiff has suffered non-pecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, which non-pecuniary losses only exacerbated Plaintiff medical condition.  Because of these losses Plaintiff seeks compensatory damages.

174.   Defendants' actions were done with malice and/or with reckless indifference to Plaintiff's protected rights.  Plaintiff is therefore entitled to punitive damages.

175.   Plaintiff also seeks reasonable attorneys' fees, court costs and including reasonable expert fees.

## COUNT SIX – VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT (FMLA)
## IN THE WORKPLACE AT
## <u>DENTON COUNTY, TEXAS</u>

176.    Plaintiff realleges and incorporates the allegations contained in Paragraph 1 through 200 as if fully stated herein.

177.    The discriminatory and retaliatory conduct of Defendant violated the rights of Plaintiff as protected by the Family Medical Leave Act (FMLA) as amended.

178.    It is well documented that Plaintiff had and continues to have a "medical condition" where she continues to seek treatment.

179.    At the time Plaintiff made her request, Plaintiff was qualified to receive FMLA leave.

180.    Defendant provided NO, training in the enforcement of Defendants written policies to Amy Phillips, Michelle French, Defendant and other managers and supervisors of Plaintiff.

181.    The Defendant, including, but not limited to Amy Phillips and other managers and supervisors of Plaintiff are responsible for enforcing the written policies of Defendant.

182.    Under *Respondeat Superior* Defendant is responsible for the acts and conduct of Amy Phillips, Michelle French, Defendant and other managers and supervisors of Plaintiff.

183.    Defendant has *Vicarious Liability* for the acts and conduct of Amy Phillips, Michelle French, Defendant and other managers and supervisors of Plaintiff.

184.    Defendant treated Plaintiff differently than her coworkers.

185.    Defendant routinely treats one employee differently from another.

186.    Plaintiff has placed Defendant on notice on more than one occasion that Defendant does not equally enforce the Defendants written policy among all of Defendants employees.

187.    Although Defendant had notice that Defendant does not equally enforce the Defendants written policies the Defendant willingly, knowing and intentionally failed and

refused to take any steps to equally enforce the Defendants written policies among all of Defendants employees.

188. Defendant is negligent in its enforcement of the Defendants written policies equally among all of Defendants employees.

189. Defendant ratified Plaintiff's supervisors conduct.

190. Plaintiff suffered an adverse employment action when Defendant would not provide equal treatment for Plaintiff in the application of Defendants written policies.

191. Defendant intentionally and willfully discriminated against Plaintiff.

192. The unlawful employment practices complained of herein were intentional.

193. The unlawful employment practices complained of herein were done with malice or reckless indifference to the protected rights of Plaintiff and other African American employees.

194. As a result of Defendants' discriminatory conduct, Plaintiff has suffered and will continue to suffer pecuniary losses.

195. As a result of Defendants' discriminatory conduct, Plaintiff has suffered non-pecuniary losses, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Because of these losses Plaintiff seeks compensatory damages.

196. Defendants' actions were done with malice and/or with reckless indifference to Plaintiff's protected rights. Plaintiff is therefore entitled to punitive damages.

197. Plaintiff also seeks reasonable attorneys' fees, court costs and including reasonable expert fees.

## XII. INJUNCTIVE RELIEF

198.    Plaintiff restates, realleges, reavers and hereby incorporates by reference any and all allegations contained herein, inclusive.   In addition, Plaintiff alleges that Defendant's discriminatory actions outlined herein must be enjoined by this Court in order to force Defendant to comply with the law.   It is suggested that the injunction be specific in enjoining Defendants, its management, supervisors, officers, agents, successors, employees, attorneys, assigns and other representatives, and all those acting in concert; or participation with them and at their direction, from engaging in any employment policy or practice shown to discriminate against Plaintiff in violation of Title VII on the basis of Race and Color and or like state statutes.

199.    That this Court retain jurisdiction for five (5) years to make sure Defendant is complying with the law.

## XIII. DEMAND FOR A TRIAL BY JURY

200.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.   *See also:*  U.S. Const. Amend. 7.  In accordance with the Federal Rules, this jury demand is being filed with the Clerk of the United States District Court for the Eastern District of Texas, Sherman Division as required by Fed. R. Civ. P. 5(d) and Fed. R. Civ. P. 38(b).

## XIV. PRAYER

**WHEREFORE**, Plaintiff respectfully prays this Court to:

   a.  Defendant be summoned to appear and answer herein; and

   b.  Issue findings of fact and conclusions of law that Defendant's acts, practices, and
       procedures, subjected Plaintiff to Race Discrimination, Color Discrimination, Hostile

Work Environment, Retaliation, Mental Abuse and Defamation as complained of herein violated Plaintiff's rights as secured under Title VII or like state statute; and:

c.  Grant to Plaintiff a permanent injunction enjoining Defendants, its management, supervisors, officers, agents, successors, employees, attorneys, assigns and other representatives, and all those acting in concert; or participation with them and at their direction, from engaging in any employment policy or practice shown to discriminate against Plaintiff in violation of Title VII on the basis of Race, Color and  Sex and or like state statutes; and

d.  Grant to Plaintiff a judgment for damages, for Race Discrimination, Color Discrimination, Harassment, Hostile Work Environment and Retaliation, against Defendant in an amount within the jurisdictional limits of this Court; and

e.  Retain jurisdiction over this action to assure full compliance with the orders of this Court and with applicable law;

f.  Grant judgment for damages for Defamation under the laws of the State of Texas, in an amount within the jurisdictional limits of this Court; and

g.  Grant judgment for damages for Breach of Contract under the laws of the State of Texas, in an amount within the jurisdictional limits of this Court; and

h.  Award Plaintiff judgment for her damages for mental abuse, pain and suffering, mental anguish and for the humiliation caused by Defendant's unlawful treatment in an amount within the jurisdictional limits of this Court; and

i.  Plaintiff prays for an award of punitive damages in an amount believed by the Court to be appropriate to punish Defendant for the willful and malicious misconduct and necessary to deter Defendant from engaging in such misconduct in the future, in an amount within the jurisdictional limits of this Court; and

j. Plaintiff prays that the Court award Plaintiff costs and expenses of this action and award Plaintiff reasonable attorney fees as provided in Title VII 42 U.S.C. §2000e-5(k) and or like state statutes;

k. Plaintiff, in accordance with her rights under the United States and Texas Constitutions, and statutory rights under Title VII 42 U.S.C. §2000e-5(k) and or like state statutes demands a trial by jury on issues triable to a jury;

l. Pre-judgment interest accruing at the rate of Six per cent (6%) per annum[1] from March 25, 2014 until the date of judgment;

m. Post-judgment interest at the rate of Eighteen per cent (18%) per annum or at the highest legal or contractual rate allowed by law from the date of judgment until the judgment is paid;

n. Judgment in the amount of Seventy Five Thousand Dollars **($75,000.00)** as initial attorney's fees plus additional attorney's fees when incurred in prosecution of this lawsuit, if Defendant does not appeal this judgment this to the Fifth Circuit Court of Appeals and time for appeal to that court has expired, Defendant shall be entitled to a remittitur of Five Thousand Five Hundred Dollars ($5,500.00), against the judgment for attorney's fees; and if Defendant does not appeal from the Court of Appeals to the Supreme Court of the United States and time for that appeal has expired, Defendant shall be entitled to a remittitur of Four Thousand Five Hundred Dollars ($4,500.00) against the judgment for attorney's fees;

o. All costs of court;

---

[1] If no specific rate of interest is agreed on by the parties, 6 percent annual interest, starting thirty days after the amount is due and payable, maybe charged.  Tex. Const. art. XVI, § 11; Tex. Fin. Code Ann. §302.002 (Vernon Supp. 2003); see: *Miner-Dederick Construction Corp. v. Mid-County Rental Service, Inc.*, 603 S.W.2d 193, 200 (Tex. 1980).  This is sometimes referred to as "legal Interest."  T Fin C §§ 301.002(a)(8), 302.002.

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND          Page 35**

p.  All expert witness fees incurred in the preparation and prosecution of this action;

q.  All court reporter fees incurred in the preparation and prosecution of this action;

r.  Plaintiff be granted all writs necessary to enforce the judgment of this Court; and

s.  Plaintiff shall be awarded such other, further relief as the nature of the case may require or as may be determined to be just, equitable, or proper by the Court.

Respectfully submitted, this 6th day of April, 2014.

**/s/ Hiram McBeth**
Hiram McBeth, Esq.
SBT No. #13329500
6060 North Central Expwy, Suite #560
Dallas, Texas 75206
Tel: (972) 498-8702
Fax: (972) 640-4411
mcbethlawoffice@yahoo.com
www.mcbethlawoffice.com
*ATTORNEY FOR PLAINTIFF*
*CYNTHIA R. CLEMETSON*

## CERTIFICATE OF SERVICE

I certify on this 6th day of April, 2014 that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.  In addition I also sent a true and correct copy of the foregoing pleading via prepaid first class mail return receipt requested to the following:

Judge Mary Horn
110 West Hickory Street, 2nd Floor
Denton, Texas 76201-4168
**FOR DENTON COUNTY, TEXAS**

**/s/ Hiram McBeth**
Hiram McBeth, Esq.
SBT No. #13329500
mcbethlawoffice@yahoo.com
www.mcbethlawoffice.com
*ATTORNEY FOR PLAINTIFF*

*CYNTHIA R. CLEMETSON*