IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CYNTHIA CLEMETSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-CV-00178-RAS |
| | § | |
| DENTON COUNTY, TEXAS | § | JURY DEMAND |
| | § | |
| Defendant. | § | |

PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT
AND JURY DEMAND

INTRODUCTORY STATEMENT

NOW COMES Cynthia Clemetson, Plaintiff herein, complaining of Denton County, Texas Defendant herein, and for causes of action submits the following:

I.

**Jurisdiction and Venue**

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a) and 28 U.S.C. § 1337. This is a suit in equity and at law authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended.

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 124(a)(1) in that the unlawful employment practices alleged below were and are being committed within the State of Texas and the Eastern District of Texas and defendant maintains records and other evidence relevant to this case in the Eastern District of Texas.

II.

**Parties**

3. At all relevant times, Plaintiff was and is an African American citizen of the United States and resident of the Eastern District of Texas. Plaintiff was employed by defendant at its location in Denton Texas in the Eastern District of Texas. Plaintiff has been subjected to unlawful employment practices committed in the State of Texas, Eastern District.

4. Defendant is a Government Subdivision, to wit a Texas County located in Denton County Texas, in the Eastern District of Texas.

III.

**Federal Causes of Action**

5. This is a proceeding for damages, a declaratory judgment, injunctive and other relief to secure the rights of plaintiff under 42 U.S.C. § 2000 e. et seq as amended (Title VII of the 1964 Civil Rights Act ). It is brought to prevent defendant from maintaining a policy, practice, custom or usage, of discriminating and retaliating against plaintiff, because of her race or engaging in protected activity, in regard to terms, conditions and privileges of employment and to compensate plaintiff for her mental anguish, emotional distress and financial losses occasioned by defendant's discriminatory and retaliatory actions.

6. Plaintiff was originally hired by defendant in March 9, 2011 and continued to work for defendant until she was discharged on April 11, 2014.

7. During her employment plaintiff was supervised by Amy Philips. Amy Philips subjected Plaintiff to continuous racially offensive remarks including but not limited to the following:

    a. That African American men prefer white women;

    b. That she tries to hire blacks into the management level but they keep "screwing up";

    c. That she is tired of Black people complaining about discrimination when they are reprimanded;

    d. Repeatedly referring to Black people as dumb, lazy, incompetent, and liars;

    e. Repeatedly making the point that certain employees were poor performers and then emphasizing to Plaintiff that such employees are Black; and

    f. Insisting that a comment about hanging Blacks from trees was neither racist nor offensive.

  8. As a result of Philips' racially offensive statements and language Plaintiff filed her first charge of discrimination with the EEOC on December 27, 2013. Philips told Plaintiff that she was aware of the charge on January 7, 2014 and promptly thereafter, at least by January 10, 2014 began to solicit derogatory information about Plaintiff in an effort to "build a case" against her.

  9. On February 3, 2014 Plaintiff was given the first written reprimand she ever received while employed by Denton County. She received the reprimand from the same Amy Philips who was the object of her EEOC complaint and who had already embarked on a crusade to find a pretext for Plaintiff's discharge. The written reprimand was unjustified given the trivial nature of Plaintiff's supposed transgression.

  10. On February 19, 2014 Amy Philips issues Plaintiff a second written reprimand, the second in two weeks after never receiving a written reprimand before filing her EEOC charge. Again the reprimand was without basis and retaliatory.

  11. On March 28, 2014 Plaintiff filed the instant case which was amended on April 6, 2014. On April 8, 2014 the matter of Plaintiff's suit was presented to the Commissioners Court where it was discussed with Amy Philips. On the same day Philips gave Plaintiff a letter stating her intent to terminate Plaintiff.

12. On June 9, 2014 Plaintiff filed another EEOC charge in which she alleged inter alia that she had been discharged in retaliation for filing her earlier charges and for opposing racially discriminatory behavior.

13. As a result of defendants' unlawful conduct plaintiff has suffered loss of employment, loss of income, loss of reputation, loss of enjoyment of life, and severe emotional distress, for which she seeks backpay, front pay or reinstatement and compensatory damages.

## IV.

## Exhaustion

Plaintiff has exhausted all administrative requirements and has met all conditions precedent to the filing of this suit.

## Request for Relief

ACCORDINGLY, plaintiff respectfully requests that this Court advance this case on the docket and grant her the following relief:

a. Grant plaintiff a permanent injunction, enjoining defendant, their agents, employees and successors from continuing to discriminate against plaintiff on account of her race and from continuing to retaliate against her;

b. Grant plaintiff a declaratory judgment, declaring defendant's past practices herein complained of to be in violation of federal law;

c. Grant plaintiff backpay, front pay or reinstatement, retroactive seniority, compensatory damages, and any other necessary equitable and legal relief to compensate her;

d. Grant plaintiff actual and compensatory damages;

e. Grant plaintiff attorney fees and expert fees;

f. Costs of court; and

g. Grant such other general relief to which plaintiff shows himself justly entitled.

JURY DEMAND

Plaintiff demands a jury with respect to all issues so triable.

Respectfully Submitted,

**THORPE, HATCHER & WASHINGTON, PLLC**
2214 Main Street
Dallas, Texas 75201
214/969-5500
214/969-9060 FAX

By:   /s/Steven B. Thorpe
      Steven B. Thorpe
      State Bar No. 19990500
      Carla S. Hatcher
      State Bar No. 09219500
      thwlaw@airmail.net

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that on the 29th day of August, 2014, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECT registrants:

Robert J. Davis
MATTHEWS, SHIELS, PEARCE
KNOTT, EDEN & DAVIS, L.L.P.
8131 LBJ Freeway, Suite 700
Dallas, TX 75251

      /s/Steven B. Thorpe
      Steven B. Thorpe
      Carla S. Hatcher